NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STANTON HARRY MCCAIN II,

        Plaintiff-Appellant,

  v.

DEPARTMENT OF CORRECTIONS;
FRANK JOHN SMITH, M.D.; STEPHEN
SINCLAIR, Secretary of DOC; JONI
AIYEKU, WSP Grievance Coordinator;
DONALD HOLBROOK, WSP
Superintendent; STEVEN HAMMOND,
M.D., MD/DOC Medical Director; LISA
KLEMME, DOC/ADA Coordinator;
KAREN FORSS, WSP Health Service
Management/ADA Coordinator,

        Defendants-Appellees,

 and

MICHAEL M. SILVA, TRU A-Unit
Sergeant; JOHN DOES, 1-3; Officer;
WSP/IMU Sgts; JOHN DOES, 4-14;
WSP/IMU Floor officers,

        Defendants.

No.   21-35809

D.C. No. 4:18-cv-05174-TOR

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Thomas O. Rice, District Judge, Presiding

Submitted December 18, 2023[**]

Before: O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

Washington state prisoner Stanton Harry McCain, II, appeals pro se the district court's summary judgment in his action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701, *et seq.* McCain alleges that defendants violated his Eighth Amendment rights, the ADA, and the RA when they denied him a wheelchair during the 85 days when he was confined in the Intensive Management Unit ("IMU") at the Washington State Penitentiary. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Johnson v. Barr*, 79 F.4th 996, 1003 (9th Cir. 2023). We affirm.

The district court properly granted summary judgment on McCain's Eighth Amendment claim because he failed to raise a triable dispute as to whether defendants acted with deliberate indifference to any serious medical need. *See Edmo v. Corizon, Inc.*, 935 F.3d 757, 785-86 (9th Cir. 2019) (explaining requirements of a medical deliberate indifference claim, including showing that "the course of treatment the official chose was medically unacceptable under the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

circumstances and [chosen] in conscious disregard of an excessive risk to the plaintiff's health" (citation, internal quotation marks, and alteration omitted)). The record contains medical opinions and other evidence that a wheelchair was not medically necessary when McCain was confined in the IMU. *See id.* at 786 ("Typically, a difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.'" (citation, internal quotation marks, and alteration omitted)). The record also demonstrates that defendants provided McCain medical care for his health conditions but that he refused treatment on multiple occasions, including refusing to attend a medical appointment to discuss his wheelchair concerns in the IMU. *See Cano v. Taylor*, 739 F.3d 1214, 1217-18 (9th Cir. 2014) (affirming summary judgment on a claim for inadequate medical care where the record showed numerous instances of the plaintiff receiving medical care for his complaints and many instances of his refusal to cooperate with medical care).

The district court properly granted summary judgment on McCain's ADA and RA claims because he failed to raise a triable dispute as to whether defendants discriminated against him or denied him services because of a disability. *See Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997) (explaining requirements of prisoners' ADA and RA claims).

The district court properly found that the individual defendants were entitled to qualified immunity on the claims for damages because McCain failed to show any violation of his statutory or constitutional rights. *See Sampson v. Cnty. of Los Angeles*, 974 F.3d 1012, 1018 (9th Cir. 2020) ("qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (citation and internal quotations omitted)).

The district court did not abuse its discretion in denying McCain's request for an extension of time to conduct discovery because McCain did not show that he "diligently pursued discovery opportunities" or that "allowing additional discovery would have precluded summary judgment." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006) (setting forth standard of review and explaining requirements to show an abuse of discretion in this context) (citation and internal quotation marks omitted).

McCain's motion for an extension of time to file the reply brief, Docket Entry No. 32, is denied as unnecessary. The reply brief was timely filed.

**AFFIRMED.**